Ognian Gavrilov SBN 258583
J. Edward Brooks SBN 247767
GAVRILOV & BROOKS
2315 Capitol Avenue
Sacramento, CA 95816
Telephone: (916) 504-0529
Facsimile: (916) 473-5870
Email: info@GavrilovLaw.com

Michael Coleman 295462
GAVRILOV & BROOKS
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (213) 612-7727
Facsimile: (916) 473-5870
Email: michael@GavrilovLaw.com

Attorneys for Plaintiff,
RACKWISE, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RACKWISE, INC., a Nevada Corporation**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GUY A. ARCHBOLD, an individual, and DOES 1 through 25, inclusive**<br><br>**Defendants.** | Case No.:<br><br>**COMPLAINT**<br><br>1. CONVERSION;<br><br>2. FRAUD;<br><br>3. BREACH OF FIDUCIARY DUTY;<br><br>4. TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff Rackwise, Inc. (hereinafter "Rackwise" or "Plaintiff") is a Nevada Corporation with its principal place of business in Denver, Colorado.

2. Plaintiff is informed and believes and thereon alleges that Defendant Guy Archbold (hereinafter "Archbold") is, and at all times mentioned herein was, a resident of El Dorado Hills, California.

3. Plaintiff is ignorant of the names and capacities of DOES 1 through 25 and sues them as DOES 1 through 25, inclusive. Plaintiff will amend this action to allege these DOE Defendants' names and capacities when ascertained. Each of the defendants herein is responsible in some manner for the occurrences, injuries, and damages herein, in that the damages were directly and proximately caused by these defendants' acts and omissions. Each defendant herein was the agent of each of the remaining defendants, and in doing the things alleged herein were acting within the course and scope of their agency and DOES 1 through 25 are referred to herein as "Defendants."

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein, Defendants, and each of them, were the agents, servants, employees, and/or joint venturers of their co-defendants and were, as such, acting within the scope, course, and authority of said agency, employment, and/or joint venture and that each and every Defendant, as aforesaid, has ratified and approved of the acts of his agent. The Defendants are jointly and severally liable to Plaintiff.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. *section* 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

6. This is a district of proper venue. Archbold resides in El Dorado County, and all of the acts complained of herein occurred in Sacramento County and/or El Dorado County. As such, the Sacramento Division of the United States District Court For The Eastern District Of California is the proper venue.

///

///

///

## GENERAL ALLEGATIONS

7. Rackwise provides data center infrastructure management software for a variety of businesses and organizations.

8. Archbold became Rackwise's Chief Executive Officer (hereinafter "CEO") and President on or about September 30, 2011. Plaintiff is informed, believes, and thereon alleges that over the course of Archbold's tenure, he misappropriated company funds and company equipment for his own use and benefit, to the detriment of the company he was duty bound to serve.

9. Plaintiff is informed, believes and thereon alleges that Archbold converted company funds for, among other things, to pay the property taxes on his home, as well as for other personal uses and benefits. Plaintiff is informed, believes, and thereon alleges that Archbold also used a company credit card for his own personal use and benefit unrelated to any company business, including credit card charges for personal car repairs, groceries, clothing, ATM withdrawals, and other personal shopping sprees. Archbold was not authorized to make these personal payments and charges with company funds. Plaintiff is informed, believes and thereon alleges that Archbold converted approximately $70,000 between October, 2015 and February, 2017 for such uses.

10. Plaintiff is informed, believes and thereon alleges that Archbold also took in excess of $185,000 in so-called cash advances, and then attempted to claim that such funds were for "business expenses." Plaintiff is informed, believes and thereon alleges that such funds were not used for business expenses, and that Archbold converted these funds for his own personal use and enjoyment to Rackwise's detriment.

11. In addition, Plaintiff is informed, believes and thereon alleges that Archbold overpaid himself, without authorization, approximately $70,000 in 2015 and 2016.

12. Plaintiff is informed, believes and thereon alleges that Archbold used corporate funds, without authorization from the Board of Directors (hereinafter "The Board"), and without any legitimate business purpose, to provide economic benefit and assistance to his friend and personal assistant Stacey Lovelace ("Lovelace") in an amount exceeding $60,000.

13. Plaintiff is informed, believes and thereon alleges that in 2016, Archbold caused payments from customers in excess of $23,000 to be withheld from Rackwise

accounts, and instead used these funds for himself and/or Lovelace.

14. Plaintiff is informed, believes and thereon alleges that in total, Archbold has converted in excess of $400,000 of Rackwise funds for his own personal use, to the detriment of Rackwise, without The Board's knowledge, authorization, or consent, and to the detriment of the corporation for which Archbold owed a fiduciary duty.

15. Plaintiff is informed, believes and thereon alleges that Archbold has acted belligerently, disrespectfully, and inappropriately toward Rackwise employees and Rackwise customers in a manner that has jeopardized the company's long-standing favorable reputation in the business community.

16. On or about February 3, 2017, The Board convened a meeting to discuss Archbold's erratic, dysfunctional, counterproductive, criminal, and tortious behavior. Given Archbold's history of deceit and unprofessional behavior, Archbold was not informed that the meeting would occur. At the meeting, The Board voted to relieve Archbold of his duties as CEO and President of Rackwise, and voted to terminate his employment, all in accordance with corporate bylaws and applicable law.

17. Plaintiff is informed, believes, and thereon alleges that following the news of his February 3, 2017 termination from Rackwise, Archold has taken Rackwise property and hardware, including computer equipment and software, without the Board's knowledge, authorization, or consent, and to the detriment of the corporation for which Archbold owed a fiduciary duty. Plaintiff is informed, believes, and thereon alleges that Archbold has subsequently attempted to cause Rackwise harm by failing to return the company property that Archbold knowingly and purposefully misappropriated for his own gain and benefit, even when asked by the company to return said property.

18. Plaintiff is informed, believes, and thereon alleges that following the news of his February 3, 2017 termination from Rackwise, Archbold has taken Rackwise property, including proprietary information, trade secrets, and customer files, without the Board's knowledge, authorization, or consent, and to the detriment of the corporation for which Archbold owed a fiduciary duty. Plaintiff is informed, believes, and thereon alleges that Archbold has subsequently attempted to cause Rackwise harm by failing to return the company property that Archbold knowingly and purposefully misappropriated for his own gain and benefit, even when asked by the company to return said property.

19. Plaintiff is informed, believes, and thereon alleges that following the news of his termination, Archbold has knowingly and purposefully attempted to undermine the corporation, has attempted to disrupt long-standing business relationships between Rackwise and certain of its customers, by, among other things, spreading lies about Rackwise and its Board of Directors, and by attempting to induce Rackwise customers to breach their contracts with the company.

20. Plaintiff is informed, believes, and thereon alleges that following Archbold's February 3, 2017 termination, Archbold approached and convinced Board member John Kyees ("Kyees") to repudiate his vote. Plaintiff is informed, believes, and thereon alleges that Archbold did induce Kyees to lie and publicly that no Board meeting had ever occurred, that he, Kyees, had never attended a Board meeting on February 3, 2017, and that he, Kyees, had never voted to terminate Archbold. All of Kyees' repudiations are untrue. Kyees himself called The Board meeting that occurred on February 3, 2017.

21. Section 2.3 of the corporation's bylaws states that stockholders owning at least 75% of the entire capital stock issued and outstanding and entitled to vote may call a special meeting of the stockholders for any purpose or purposes related to the corporation. Section 2.8 of the bylaws states that each stockholder is entitled to one vote for each share of stock standing in his name, and may upon the demand of any stockholder vote for new Board members, or any other matters that may come before the stockholders at the meeting.

22. As a result of Kyees' sudden and erroneous repudiation of his vote to terminate Archbold, Rackwise stockholders called and held a special stockholder meeting in accordance with Section 2.3 of the bylaws on or about March 24, 2017. At that meeting, stockholders owning approximately 80% of Rackwise stock unequivocally voted to appoint new Board members. The stockholders voted to remove Archbold from the Board, and voted to terminate Archbold's employment as CEO and President of Rackwise.

23. Plaintiff is informed, believes, and thereon alleges that following the news of his termination, Archbold has knowingly and purposefully attempted to undermine the corporation, and has attempted to disrupt Rackwise from conducting its day-to-day business by intentionally and wrongfully interfering with negotiations between Rackwise and future, would-be customers. Archbold has engaged in this behavior specifically for the purpose of interfering with future contractual relationships between Rackwise and certain new

customers. Upon information and belief, Archbold has attempted to interfere with these future contractual relations by spreading lies about Rackwise and its Board of Directors, and by representing that he, Archbold, is still CEO and President of Rackwise when in fact he has been terminated from these positions and no longer has any standing with the corporation.

24. Despite Archold's termination from Rackwise, Archbold continues to falsely represent to potential customers, investors, and to the general public that he is still CEO and President of the Corporation. Archold's knowingly false representations of continued employment have caused and will continue to cause Rackwise irreparable reputational damage.

25. Archbold continues to represent to the general public that he is still CEO and President of the Corporation when it suits his personal, individual needs. Plaintiff is informed, believes, and thereon alleges that on at least one occasion since Archbold was terminated from Rackwise, Archbold has been contacted from a Rackwise vendor requesting payment. Archbold informed the vendor that he is no longer CEO of Rackwise, and that he no longer has any association with the corporation.

26. Despite Archbold's public representation that he is not CEO when asked to make payments on Rackwise's behalf, Archbold continues to represent that he is CEO when he is attempting to collect money from customers and other third parties. Thus, Archbold denies any association with Rackwise when such association would require the payment of debts or funds, and represents that he remains in charge of the corporation when it means he will receive money by way of this misrepresentation.

27. Archbold's knowingly false representations of continued employment with Rackwise has caused and will continue to cause Rackwise to suffer future economic damages in an amount not yet ascertained and to be proven at trial.

**FIRST CAUSE OF ACTION**
**CONVERSION**
**(Against All Defendants)**

28. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 19 as though fully set forth herein.

29. Plaintiff had the right to possession of corporate funds in excess of $400,000 that Defendant did knowingly, purposefully, and wrongfully prevent Rackwise from

obtaining or retaining. Defendant did knowingly take from Rackwise, or otherwise prevent Rackwise from receiving these funds, and instead used these funds for his own personal use, or for the personal use of his friends, family, and/or companions.

30. Rackwise has been damaged in an amount exceeding $400,000 due to Archbold's wrongful conversion of these funds for his own personal use, or for the personal use of his friends, family and/or companions.

31. In addition, Archbold has taken property belonging to Rackwise, including, but not limited to, hardware such as laptop computers, software, proprietary information, trade secrets, and corporate files. Rackwise at all times had ownership and/or the right to possession of these items, and Archbold has purposefully, knowingly, and wrongfully prevented Rackwise from realizing its possessory and/or ownership interest in these properties.

32. As a direct and proximate result of Archbold's intentional and wrongful disposition of these property items, Rackwise has suffered damages in excess of $400,000, the exact amount of which shall be proven at trial.

33. Archbold's actions were so vile, base, and/or contemptible that they rise to the level of despicable conduct. Further, Archbold's actions were perpetrated with fraud, oppression, and/or malice, thereby entitling Rackwise to recover punitive damages.

## SECOND CAUSE OF ACTION
## FRAUD
## (Against All Defendants)

34. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 25 as though fully set forth herein.

35. Plaintiff is informed, believes, and thereon alleges that Archbold did knowingly misrepresent to Rackwise and The Board by way of false representation, concealment, and/or nondisclosure that he was acting within the best interests of the corporation, and that he was applying and depositing all funds for which Rackwise was entitled into Rackwise accounts.

36. Plaintiff is informed, believes, and thereon alleges that Archbold did knowingly misrepresent to Rackwise and The Board by way of false representation, concealment, and/or nondisclosure that he was only receiving the amount of compensation for which he was entitled as CEO and President of Rackwise.

37. Plaintiff is informed, believes, and thereon alleges that Archbold did knowingly misrepresent to Rackwise and The Board by way of false representation, concealment, and/or nondisclosure that any expenditures made on company credit cards or to his personal assistant, Lovelace, were strictly for business purposes.

38. Plaintiff is informed, believes, and thereon alleges that Archbold's representations concerning the application of corporate funds to corporate accounts, compensation Archbold received, expenditures made by Archbold on corporate credit cards, and representations concerning payment to Lovelace were made with knowledge of their falsity.

39. Plaintiff is informed, believes, and thereon alleges that Archbold did intend to defraud Rackwise and The Board by way of his false representations such that Archbold gained Plaintiff's trust, thereby placing him in a position that permitted him to continue raiding, ransacking, plundering, and misappropriating corporate funds for his own personal use, the use of his family, and/or the use of his companions.

40. Plaintiff did justifiably rely upon Archbold's false representations in that Plaintiff and The Board reasonably believed based upon Archbold's past experience, education, and representations that he was a talented, honest, educated, and capable corporate officer, when in fact that image was a mere facade created for the purpose of perpetrating corporate plunder.

41. Further, Plaintiff did reasonably rely upon Archbold's continued representation that he was acting in the best interests of the corporation during his tenure as CEO, because Archbold owed Plaintiff a fiduciary duty, and Plaintiff did reasonably believe that Archbold was carrying out his fiduciary duties as required by law.

42. Archbold did purposefully and knowingly conceal from The Board and from the stockholders that, during his tenure as CEO, he had been arrested for tax fraud, and was facing personal financial difficulties that should have precluded him from continuing in his role as CEO. Had the Board and/or the Shareholders known of Archbold's arrest for tax fraud, he would have been terminated earlier.

43. Plaintiff is informed, believes, and thereon alleges that Archbold concealed his arrest from The Board and from the shareholders because he knew that he would be terminated if he did not conceal this information. Instead, Archbold concealed his arrest,

and stole corporate funds for his own personal use, to the detriment of the corporation for which he owed a fiduciary duty.

44. Based upon Archbold's calculated, wrongful, and fraudulent misrepresentations, Rackwise has suffered damages in excess of $400,000, the exact amount of which shall be proven at trial.

45. Archbold's actions were so vile, base, and/or contemptible that they rise to the level of despicable conduct. Further, Archbold's actions were perpetrated with fraud, oppression, and/or malice, thereby entitling Rackwise to recover punitive damages.

**THIRD CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**
**(All Defendants)**

46. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 34 as though fully set forth herein.

47. As an officer of Rackwise, Archbold owed fiduciary duties of care, loyalty, and good faith to the corporation, its Board of Directors, its shareholders, and its investors.

48. Archbold did breach his fiduciary duties of care and loyalty by, among other things, mismanaging the corporation for his own personal gain, diverting corporate funds to his personal bank account, diverting corporate funds to his family and/or companions, misappropriating corporate property for his own use and benefit to the detriment of the corporation, misappropriating trade secrets for his own use and benefit, and by failing to comply with the terms of the corporation's governing structure and applicable law.

49. Plaintiff is informed, believes, and thereon alleges that Archbold did breach his fiduciary duties of care and loyalty by knowingly and purposefully attempting to undermine the corporation with his attempts to disrupt long-standing business relationships between Rackwise and certain of its customers, by, among other things, spreading lies about Rackwise and its Board of Directors, and by attempting to induce Rackwise customers to breach their contracts with the company.

50. Plaintiff is informed, believes, and thereon alleges that Archbold did breach his fiduciary duties of care and loyalty by knowingly and purposefully attempting to undermine the corporation, and by attempting to disrupt Rackwise from conducting its day-to-day business by intentionally and wrongfully interfering with negotiations between Rackwise and future, would-be customers. Archbold has engaged in this behavior

specifically for the purpose of interfering with future contractual relationships between Rackwise and certain new customers. Upon information and belief, Archbold has attempted to interfere with these future contractual relations by spreading lies about Rackwise and its Board of Directors.

51. Archbold's breach of fiduciary duties has cause Rackwise to suffer damages in excess of $400,000, the exact amount of which shall be proven at trial.

**FOURTH CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**(All Defendants)**

52. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 40 as though fully set forth herein.

53. Rackwise had economic relationships with certain customers and future customers that were likely to result in economic benefit for Rackwise.

54. Archbold knew of Rackwise's relationships with these customers and future customers, and intentionally disrupted Rackwise's relationships with these third parties by, among other things, claiming that The Board members were illegitimate, claiming that he was the CEO of Rackwise when in fact he had been terminated, and convincing these third parties that they should not do business with Rackwise's current Board members and officers.

55. As a result of Archbold's fraudulent conduct, Rackwise was injured in that these third parties chose not to do business with Rackwise as a result of Archbold's lies. Archbold's wrongful, fraudulent conduct was a substantial factor in causing Rackwise to lose the economic benefit of doing business with these third parties.

56. As a direct and proximate result of Archbold's wrongful, fraudulent conduct, Rackwise has been injured in an amount exceeding $400,000, the exact amount of which shall be proven at trial.

57. Archbold's actions were so vile, base, and/or contemptible that they rise to the level of despicable conduct. Further, Archbold's actions were perpetrated with fraud, oppression, and/or malice, thereby entitling Rackwise to recover punitive damages.

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rackwise, Inc. prays for judgment as follows:

1. An award of compensatory damages in an amount to be shown according to proof;
2. Declaratory relief as requested herein;
3. Attorney's fees and costs to the extent allowed by law;
4. Such further and other relief as this Court deems just and proper.

Dated: April 13, 2017

**GAVRILOV & BROOKS**

By: /s/ Ognian Gavrilov
Ognian Gavrilov
Michael Coleman
Attorneys for PLAINTIFF
RACKWISE, INC.