UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RACKWISE, INC., a Nevada Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>GUY ARCHBOLD, an individual,<br><br>    Defendant. | CIV. NO. 2:17-797 WBS CKD<br><br>ORDER RE: MOTION TO COMPEL ARBITRATION AND TO STAY ACTION |

----oo0oo----

Defendant Guy Archbold moves to compel arbitration and to stay this action pending arbitration based on Subscription Agreements signed by plaintiff Rackwise, Inc. and certain investors.[1] (Docket No. 21.) Under the Federal Arbitration Act ("FAA"), if there is an issue that is referable to arbitration

---

[1] The Subscription Agreements state, in part: "The parties hereto agree to submit all controversies to the exclusive jurisdiction of FINRA Arbitration in accordance with the provisions set forth below and understand that (a) arbitration is final and binding on the parties [and] (b) the parties are waiving their rights to seek remedies in court . . . ." (Def.'s Mot., Ex. 2 ("Subscription Agreement") at 16 (Docket No. 21-2).)

1

under an arbitration clause, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." A party seeking to compel arbitration has the burden to show (1) the existence of a written arbitration agreement between the parties and (2) the arbitration agreement encompasses the dispute. Ashbey v. Archstone Prop. Mgmt., Inc., 785 F.3d 1320, 1323 (9th Cir. 2015); see Attia v. The Neiman Marcus Grp., Inc., Case No. SA CV 16-0504-DOC (FFMx), 2016 WL 9150570, at *3 (C.D. Cal. Oct. 18, 2016).

As to the first prong, a contractual right to arbitration generally "may not be invoked by one who is not a party to the agreement." Britton v. Co-Op Banking Grp., 4 F.3d 742, 744 (9th Cir. 1993). Here, Rackwise, Rackwise Funding II, and Triple R-F entered into the Subscription Agreements.[2] Defendant purportedly signed these agreements on Rackwise's behalf in his corporate capacity, not in his individual capacity, and defendant does not dispute that he is not a party to the Subscription Agreements. Therefore, defendant cannot compel Rackwise to arbitrate this dispute on this basis. See McCarthy v. Azure, 22 F.3d 351, 356 (1st Cir. 1994) ("[A] person signing a contract only in a corporate capacity . . . does not thereby become a party to the agreement.").

"[A] litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant

---

[2] A statement of claims previously was filed on behalf of Rackwise in FINRA arbitration (Docket No. 21-4); however, counsel for both parties indicated that FINRA declined to arbitrate that dispute.

2

state contract law allows the litigant to enforce the agreement."
Kramer v. Toyota Motor Corp., 705 F.3d 1122, 1128 (9th Cir. 2013).  Because New York law governs the terms of the Subscription Agreements, (Subscription Agreement at 16), the court looks to New York contract law to determine if defendant can compel arbitration as a non-party.

Defendant argues that equitable estoppel and the third-party beneficiary doctrines permit him, as a non-party to the Subscription Agreements, to compel Rackwise to arbitrate this dispute.  However, defendant cites no New York cases or cases interpreting New York contract law regarding the application of equitable estoppel or the third-party beneficiary doctrine, and does not explain how New York law permits him to compel arbitration here under either theory.  Thus, defendant fails to meet his burden of establishing that he can compel arbitration against Rackwise as a non-party to the Subscription Agreements.

Because defendant has not met his burden to show that there was an arbitration agreement between the parties or that he has standing as a non-party to compel arbitration, the court need not address the second prong and will not compel arbitration. Because the court will not compel arbitration, the court will also not stay this case pending arbitration.  Accordingly, the court will deny defendant's Motion.

IT IS THEREFORE ORDERED that defendant's Motion to compel arbitration and to stay action pending arbitration (Docket No. 21) be, and the same hereby is, DENIED.

Dated: August 8, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3