UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACKWISE, INC., a Nevada Corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>GUY ARCHBOLD, an individual, and DOES 1 to 25, inclusive,<br><br>        Defendants. | CIV. No. 17-797 WBS CKD<br><br>ORDER RE: MOTION TO STAY |

Defendant moves to stay proceedings in this case until the earliest occurrence of the expiration of 90 days, or a determination of anticipated personal jurisdictional challenges in another action pending Nevada state court. (Def.'s Mot. at 2 (Docket No. 77).)

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In evaluating whether to stay proceedings, the

court is concerned with balancing competing interests and should consider: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Woodcox v. Volkswagen Grp. of Am., Inc., Civ. No. 2:17-215 WBS DB, 2017 WL 915352, at *4 (E.D. Cal. Mar. 7, 2017) (citing Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)); see also Landis, 299 U.S. at 254-55; CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). The burden is on the requesting party to show that a stay is appropriate. Clinton v. Jones, 520 U.S. 681, 708 (1997).

Defendant argues that if the state court action survives a pending jurisdictional challenge, a stay of this action will promote judicial economy by preventing duplicitous efforts and preserving costs and expenses of litigation. However, defendant does not explain, and the court does not see, how granting a temporary stay pending the resolution of anticipated personal jurisdiction challenges in the Nevada litigation promotes judicial economy. Moreover, it is too speculative at this point to predict the outcome of the Nevada action.

A stay of this action would result in prejudice to plaintiff, in that it would result in vacating the trial date--set for June 5, 2018—and prevent plaintiff from proceeding to trial first as the plaintiff in this action. The stage of the litigation also weighs against granting defendant's Motion to stay--the discovery deadline is February 2 and a trial date has

2

already been set.  See Jain v. Trimas Corp., Civ. No. 04-889 FCD PAN, 2005 WL 2397041, at *3 (E.D. Cal. Sept. 27, 2005) (Damrell, J.) ("Because this case is no longer in its incipient stages, the scales tip heavily in favor of denying plaintiff's motion to stay."); Sorensen ex rel. Sorensen Research & Dev. Tr. v. Black & Decker Corp., Civ. No. 06-1572 BTM CAB, 2007 WL 2696590, at *4 (S.D. Cal. Sept. 10, 2007) (the more relevant inquiry is whether discovery is nearing completion); Simon v. Healthways, Inc., Civ. No. 14-8022 BRO JCX, 2016 WL 6595131, at *2 (C.D. Cal. Feb. 1, 2016) (stating the stage of litigation weighed against finding a stay where the discovery deadline passed, and the trial date was roughly three months away).  Thus, the potential prejudice to plaintiff weighs against granting the stay.

IT IS THEREFORE ORDERED that defendant's Motion to stay (Docket No. 77) be, and the same hereby is, DENIED.

Dated:  January 18, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE