UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RACKWISE, INC., a Nevada Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>GUY ARCHBOLD, an individual, and DOES 1 to 25, inclusive,<br><br>    Defendants. | Civ. No. 17-797 WBS CKD<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO ABSTAIN HEARING THE INSTANT CASE IN FAVOR OF THE NEVADA STATE COURT LITIGATION</u> |

----oo0oo----

On October 3, 2017 ("October 3 Order"), the court denied defendant's Motion for leave of court to file an amended pleading to add counterclaims, and permitted defendant's right to assert such claims in a separate action. (October 3 Order (Docket No. 73).)[1] Then, on December 19, 2017, defendant filed

---

[1] The court originally articulated that it would allow defendant to assert new claims and join new parties in this action, because it would be most efficient to allow one court to rule on all the issues in this case. However, because defendant's counsel could not articulate any reason why defendant wanted to bring new claims or join additional parties, the court

1

a shareholder derivative complaint in Nevada state court. (Def.'s Mot. Ex. 1 (Docket No. 89-1).) On January 10, 2018, this court denied defendant's Motion to Stay proceedings pending a determination of anticipated personal jurisdictional challenges by the diverse defendants in the Nevada litigation. (Docket Nos. 77, 81.) On May 10, 2018 the judge in the Nevada litigation stayed the state litigation pending settlement or trial and entry of a final judgment in the instant case. (Declaration of William Noell ("Noell Decl.") ¶¶ 10-11.) Presently before the court is defendant's Motion to Abstain Hearing the Instant Case in Favor of the Nevada State Court Litigation. (Def.'s Mot. at 1 (Docket No. 89).)

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Here, defendant analyzes the motion to stay within the framework of the Colorado River[2] doctrine. "The power of courts to control their dockets by staying proceedings exists independently of whether the Colorado River factors weigh in favor of stay." Tech. Licensing Corp. v. Thomson, Inc., 684 F. Supp. 2d 1206, 1208 (E.D. Cal. 2010) (Shubb, J.). Nevertheless, the court considers the Colorado River factors in ruling on the motion.

In the Ninth Circuit, "even when a concurrent state

---

denied the motion.

[2] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

2

proceeding might address issues relevant to a federal action, the rule is that the federal proceeding should go forward." United States v. Rubenstein, 971 F.2d 288, 293-94 (9th Cir. 1992). "Abstention from the exercise of federal jurisdiction is the exception, not the rule," and "[a]bdication of the obligation [of a district court] to decide cases can be justified under th[e] [Colorado River] doctrine only in [] exceptional circumstances." Colorado River, 424 U.S. at 813. The Ninth Circuit "generally require[s] a stay rather than a dismissal." R.R. St. & Co. Transp. Ins. Co., 656 F.3d 966, 979 n. 8 (9th Cir. 2011). In determining whether to stay or dismiss a case pursuant to Colorado River, the court considers eight factors:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

Id. at 978-79.

Under any standard, the circumstances here weigh against a stay. While this case and the Nevada litigation may involve substantially similar parties and claims which evolve from the same set of events and circumstances, this court does not have full confidence that the parallel state action will end the litigation. See Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 913 (9th Cir. 1993) (stating that under the Colorado River doctrine the "existence of a substantial doubt as to whether the state proceedings will resolve the federal action

3

precludes the granting of a stay."). Moreover, while both cases involve the corporate governance of Rackwise, "the mere possibility of piecemeal litigation does not constitute an exceptional circumstance." See R.R. St. & Co., 656 F.3d at 979.

Defendant argues that this case is largely based on contractual issues that involve the interpretation and application of the laws of the state of Nevada, and thus Nevada is the appropriate jurisdiction to hear this case. (Def.'s Mem. at 4, 11.) While the instant case may involve issues of state law, the "presence of state-law issues may weigh in favor of [] [abstention] only in some rare circumstances." R.R. St. & Co. Inc., 656 F.3d at 980. "Federal courts sitting in diversity are no strangers to applying state substantive law." LBUBS 2004-ö Stockdale Office Ltd. P'ship v. Moreland, Civ. No. 1:13-294 LJO JLT, 2013 WL 1966566, at *5 (E.D. Cal. May 10, 2013) (denying motion to dismiss or to stay the proceedings on the basis of the Colorado River abstention doctrine even though state law provided the rule of decision on the merits.) Moreover, this court obtained jurisdiction first. It would be inefficient and unwise to grant defendant's motion given that this court has already held multiple hearings and issued several orders. Additionally, the state court has stayed defendant's action pending a final resolution of this case.

Furthermore, as discussed in the court's January 1, 2018 Order, a stay of this action would result in prejudice to plaintiff, in that it would result in vacating the quickly approaching trial date--now set for August 21, 2018--and prevent plaintiff from proceeding to trial first. The late stage of the

4

| | |
|---|---|
| 1 | litigation also weighs against granting defendant's Motion to |
| 2 | Stay.  See Jain v. Trimas Corp., Civ. No. 04-889 FCD PAN, 2005 WL |
| 3 | 2397041, at *3 (E.D. Cal. Sept. 27, 2005) (Damrell, J.) ("Because |
| 4 | this case is no longer in its incipient stages, the scales tip |
| 5 | heavily in favor of denying plaintiff's motion to stay."); Simon |
| 6 | v. Healthways, Inc., Civ. No. 14-8022 BRO JCX, 2016 WL 6595131, |
| 7 | at *2 (C.D. Cal. Feb. 1, 2016) (stating the stage of litigation |
| 8 | weighed against finding a stay where the discovery deadline |
| 9 | passed, and the trial date was roughly three months away). |

For the foregoing reasons, this case is not the type of "rare," "limited," and "exceptional," case with "only the clearest of justifications" that supports abstention.  See Tan v. GrubHub, Inc., 171 F. Supp. 3d 998, 1014 (N.D. Cal. 2016) (quoting R.R. St. & Co., 656 F.3d at 977-78.)

IT IS THEREFORE ORDERED that defendant's Motion to Abstain Hearing the Instant Case in Favor of the Nevada State Court Litigation (Docket No. 89) be, and the same hereby is, DENIED.

Dated:  May 22, 2018

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE