8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   RACKWISE, INC., a Nevada            No. 17-cv-797 WBS CKD
     corporation,
12
                    Plaintiff,
13
          v.                             AMENDED FINAL PRETRIAL ORDER
14
     GUY ARCHBOLD, an individual,
15   and DOES 1 to 25, inclusive,

16                  Defendants.

17

18

19        A Final Pretrial Conference was held in this matter,

20   pursuant to the provisions of Rule 16(d) of the Federal Rules of

21   Civil Procedure and Local Rule 282, on July 2, 2018.  Harry

22   McLaughlin and Ognian Gavrilov appeared as counsel for plaintiff,

23   and Randall Paulson appeared as counsel for defendant.  Following

24   the conference and having received plaintiff's Proposed

25   Modifications to the Final Pretrial Order (Docket No. 106) as

26   well as defendant's Objection (Docket No. 108), the court enters

27   this Amended Final Pretrial Order:

28

I.  Jurisdiction - Venue

        Jurisdiction is predicated upon diversity jurisdiction, 28 U.S.C. § 1332.  Venue is undisputed and is hereby found to be proper.

II.  Remaining Claims

        Plaintiff's remaining claims for trial are (1) declaratory and injunctive relief, (2) conversion, (3) fraud, (4) breach of the duty of good faith and loyalty, and (5) tortious interference with prospective economic advantage.

III.  Jury - Non-Jury

        Plaintiff demanded a jury trial multiple times before the trial conference, and at the Pretrial Conference, the parties and the court contemplated a jury trial on at least some of the issues.  However, after the Pretrial Conference, plaintiff filed a Notice of Waiver of Jury Trial and contends that defendant waived his right to a jury trial, meaning the case should proceed to a court trial on all issues.  (Docket Nos. 98, 102.)

        The court disagrees.  Notably, plaintiff agrees that the "general rule is that once one party files a jury demand, other parties are entitled to rely on that demand for the issues it covers, and need not file their own demands."  (Docket No. 102 at 2.)  See Calnetics Corp. v. Volkswagen of Am., Inc., 532 F.2d 674, 690 (9th Cir. 1976).  Because plaintiff made a demand for jury trial, and indeed maintained this demand until after the Pretrial Conference, defendant was entitled to rely on this demand and was not required to formally demand a jury trial.

        Further, once a party requests a jury trial, "[a] proper demand may be withdrawn only if the parties consent," Fed.

R. Civ. P. 38(d) ("Rule 38(d)"), and the trial must be by a jury
unless "the parties . . . file a stipulation to a nonjury trial
or so stipulate on the record," Fed. R. Civ. P. 39(a)(1) ("Rule
39(a)(1)").  The court notes that defendant specifically stated
in his Pretrial Statement that he did not request a jury trial.
(See Docket No. 95 at 2.)  However, this statement, made before
plaintiff's Notice of Waiver was filed, and made before the
court's Pretrial Conference, at which the parties and the court
contemplated a jury trial on at least some issues, does not
constitute defendant's unambiguous consent and stipulation to a
court trial on all issues.  See Pradier v. Elespuru, 641 F.2d
808, 811 (9th Cir. 1981) (courts "should indulge every reasonable
presumption against waiver" of trial by jury).

Plaintiff relies primarily on Reid Brothers Logging Co.
v. Ketchikan Pulp Co., 699 F.2d 1292 (9th Cir. 1983), in arguing
that defendant waived his jury demand, but that case is
inapposite.  There, the plaintiff demanded a jury and the
defendants initially opposed the request, moving to strike the
jury demand.  Later, the plaintiff withdrew the jury demand and
one defendant refused to consent to a court trial.  On appeal,
the non-consenting defendant argued that it was entitled to a
jury under Rules 38(d) and 39(a).  The Ninth Circuit rejected
that argument, holding that the defendant's prior "consistent"
and "persistent" efforts to oppose the jury demand constituted
waiver of the right to a jury, notwithstanding that defendant's
failure to consent or stipulate as required by Rules 38(d) and
39(a).  Cases citing Reid Brothers have generally limited that
case to its facts, where there was active and consistent

3

opposition to a jury trial.  See, e.g., S.E.C. v. Masri, 551 F. Supp. 2d 320, 322 (S.D.N.Y. 2008).

Because plaintiff demanded a jury trial and defendant did not actively oppose a jury trial or stipulate to a court trial on all issues after plaintiff withdrew his jury demand, Reid Brothers is inapplicable.  Accordingly, plaintiff's claims for conversion, fraud, breach of the duty of good faith and loyalty, and tortious interference with prospective economic advantage shall be tried, pursuant to Federal Rule of Civil Procedure 48, before a jury consisting of no less than six and no more than twelve members.

Plaintiff's claims for declaratory relief and request for a permanent injunction will be decided by the court, absent any stipulation by the parties regarding any other issues that should be decided by the court or the jury.

IV. Statement of Case, Jury Instructions, Proposed Form of Verdict

By July 23, 2018,[1] counsel for plaintiff shall lodge and serve, pursuant to Local Rule 163, copies of all jury instructions that plaintiff requests be given on plaintiff's claims for conversion, fraud, breach of the duty of good faith and loyalty, and tortious interference with prospective economic advantage.  At that time, counsel for plaintiff shall also file and serve a copy of a proposed form of verdict.  Plaintiff's

---

[1] The court notes that it previously set different deadlines for proposed jury instructions and verdict forms at the Pretrial Conference.  However, given the parties' filings after the Pretrial Conference, which delayed the issuance of this Order, these deadlines have been revised.

4

instructions shall include an instruction for every cause of action which is to be tried by the jury and set forth every element that plaintiff must prove in order to recover on each cause of action.

By August 1, 2018, counsel for defendant shall file and serve any objections to the instructions proposed by plaintiff. At the same time, counsel for defendant shall lodge and serve, pursuant to Local Rule 163, copies of any and all jury instructions not already proposed by plaintiff, which defendant requests be given. Also at that time, counsel for defendant shall file and serve a copy of any proposed form of verdict and shall also file any objections to plaintiff's proposed form of verdict.

By August 8, 2018, counsel for plaintiff shall file and serve any objections to the instructions proposed by defendant and to any proposed form of verdict.

Pursuant to Local Rule 163, any other instructions thereafter presented will be refused unless it is shown either: (1) that the necessity for the request arose in the course of trial; could not reasonably have been anticipated prior to trial from the pleadings, discovery or nature of the action; and the request for such additional instructions is presented to the court as promptly as possible; or (2) that the refusal to give such instructions would constitute plain error.

Likewise, any objections to proposed instructions not made in accordance with this order will be overruled as untimely unless it is shown either: (1) that the grounds therefor arose in the course of trial and the intention to make such objections is

communicated to the court as promptly as possible, or (2) that the giving of such instructions would constitute plain error.

The parties shall appear in person on August 13, 2018 at 1:30PM in Courtroom 5, 14th floor for a Further Pretrial Conference to discuss jury instructions and a proposed form of verdict.

## V.  Voir Dire Questions

No later than fourteen calendar days before the trial date, counsel for each party shall submit all proposed jury voir dire questions.

## VI.  Proposed Findings of Fact and Conclusions of Law

No later than fourteen court days before the trial date, plaintiff shall lodge and serve the Findings of Fact and Conclusions of Law and form of judgment which plaintiff proposes to be entered at the conclusion of the trial pursuant to Fed. R. Civ. P. 52 on plaintiff's claims for injunctive and declaratory relief.  No later than seven court days before trial, defendant shall lodge and serve the Findings of Fact and Conclusions of Law and form of judgment which defendant proposes be entered on the injunctive and declaratory relief claims.

## VII.  Trial Briefs

No later than fourteen calendar days before the trial date, counsel for each party shall file trial briefs pursuant to Local Rule 285.

## VIII.  Witnesses

(A)  Plaintiff anticipates calling the witnesses identified at Exhibit "A" attached hereto.

(B)  Defendant anticipates calling the witnesses

identified at Exhibit "B" attached hereto.

(C)  Except for retained experts, each party may call any witness designated by any other party.

(D)  No other witnesses will be permitted to testify at trial unless:

(1)  all parties stipulate that the witness may testify;

(2)  the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

(3)  the witness was discovered after the Pretrial Conference.

(E)  Testimony of a witness not designated in this Order, which is offered under paragraph VIII(D)(3), above, upon the grounds that the witness was discovered after the Pretrial Conference, will not be permitted unless:

(1)  the testimony of the witness could not reasonably have been discovered prior to the Pretrial Conference;

(2)  the court and opposing counsel were promptly notified upon discovery of the testimony; and

(3)  counsel proffered the witness for deposition if time permitted or provided all opposing counsel a reasonable summary of the testimony if time did not permit a deposition.

IX.  Exhibits

(A)  Plaintiff intends to offer the exhibits identified at Exhibit "C" attached hereto.

(B)  Defendant intends to offer the exhibits identified

at Exhibit "D" attached hereto.

        (C)  Each party may offer any exhibit designated by any other party.

        (D)  No other exhibits will be received in evidence unless:

        (1)  all parties stipulate that the exhibit may be received in evidence;

        (2)  the party offering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

        (3)  the exhibit was discovered after the Pretrial Conference.

        (E)  An exhibit not designated in this Order, which is offered under paragraph IX(D)(3), above, upon the grounds that the exhibit was discovered after the Pretrial Conference, will not be received in evidence unless:

        (1)  the exhibit could not reasonably have been discovered prior to the Pretrial Conference;

        (2)  the court and opposing counsel were promptly notified upon discovery of the exhibit; and

        (3)  counsel provided copies of the exhibit to all opposing counsel if physically possible or made the exhibit reasonably available for inspection by all opposing counsel if copying was not physically possible.

        (F)  Each party shall exchange copies of all exhibits identified in this Order, or make them reasonably available for inspection by all other parties, no later than seven calendar

days before the trial date.  Any and all objections to such exhibits shall be filed and served not later than four calendar days before the trial date.

(G)  The attorney for each party is directed to appear before trial and present an original (and if physically possible one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at 8:30 a.m. on the date of trial.

(H)  Each exhibit which has been designated in this Order and presented on the morning of the date of trial shall be pre-marked by counsel.  Plaintiff's exhibits shall bear numbers; defendant's exhibits shall bear letters.  If no objection has been made to such exhibit pursuant to paragraph IX(F), above, such exhibit will require no further foundation and will be received in evidence upon the motion of any party at trial.

## X.   Further Discovery and Motions

Except for motions in limine, no further motions shall be brought before trial except upon order of the court and upon a showing of manifest injustice.  Fed. R. Civ. P. 16(e).  No further discovery will be permitted except by the express stipulation of all parties or upon order of the court and upon a showing of manifest injustice.  Id.

## XI.   Use of Depositions or Interrogatories

No later than twenty calendar days before the trial date, counsel for each party shall file and serve a statement designating all answers to interrogatories and all portions of depositions intended to be offered or read into evidence, with the exception of portions to be used only for impeachment or rebuttal.  No later than ten calendar days before the trial date,

counsel for any other party may file and serve a counter-designation of other portions of the same depositions intended to be offered or read into evidence and may file evidentiary objections to any other parties' designation. No later than seven calendar days before the trial date, the parties may file evidentiary objections to any other party's counter-designation.

XII.  Date and Length of Trial

The trial is set for August 21, 2018, in Courtroom 5. The court estimates that the trial will last approximately ten days.

XIII. Settlement

The parties are willing to participate in a pretrial settlement conference. Accordingly, a settlement conference is set before Magistrate Judge Edmund F. Brennan on August 7, 2018 at 10:00AM in Courtroom 8, 13th floor. Each party is ordered to have a principal with full settlement authority present at the settlement conference or to be fully authorized to settle the matter on any terms.

No later than 12:00 PM (noon) on July 31, 2018 counsel for each party shall submit a Confidential Settlement Conference Statement via email to EFBorders@caed.uscourts.gov. The parties may agree, or not, to serve each other with the Confidential Settlement Conference Statements. The Confidential Settlement Conference Statements shall not be filed with the clerk and shall not otherwise be disclosed to the trial judge. However, each party shall e-file a one-page document entitled "Notice of Submission of Confidential Settlement Conference Statement."

XIV.  Daubert Procedure

Any challenges based on <u>Daubert v. Merrell Dow</u> <u>Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), will be raised and resolved outside the presence of the jury just prior to when the challenged expert will be called to give testimony.  Any challenged expert shall be present for such a challenge, and shall be available for questioning.

XV.  <u>Evidence Presentation Equipment</u>

If any party feels that electronic presentation is necessary, they should be prepared to operate the courtroom's equipment or bring their own audio-visual equipment to the courtroom and be prepared to operate it themselves.

Dated:  July 30, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

# Exhibit A: Plaintiff's Witnesses

Plaintiff reserves the right to call (or not call) any witness listed. Plaintiff also reserves the right to call witness not listed for the purpose of document authentication and/or for rebuttal purposes only.

On December 1, 2017, plaintiff disclosed Serge Mysin, Certified Public Accountant, as its expert witness on the issue of inappropriate and undocumented personal transactions engaged in by defendant Archbold. On December 1, 2017, defendant Archbold was served with a copy of Mr. Mysin's written report dated November 30, 2017. Mr. Mysin's testimony will support plaintiff Rackwise's termination of Archbold for cause, as well as claims against Archbold for fraud, breach of fiduciary duty and conversion.

| WITNESS | SUBJECT OF INFORMATION |
|---|---|
| **Guy Archbold**, C/O Counsel for Defendant | As the former Chairman, President and CEO of Rackwise, Inc., and defendant in this case, Mr. Archbold has extensive information as to his actions and omissions leading to all aspects of his liability and breach of his fiduciary duty to Rackwise in this case. |
| **Patrick Imeson**, C/O Counsel for Plaintiff | As Interim Chief Restructuring Officer of Rackwise, Inc., Principal of Rackwise Funding II, LLC, a Rackwise shareholder, and Member of the Board of Directors of Rackwise, Inc., Mr. Imeson can testify as to improper actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise. Mr. Imeson can also testify regarding specific financial and economic harms that were done to Rackwise by Archbold in concert with his illegitimate board of directors. |

| | |
|---|---|
| **Dwight Richert,** C/O Counsel for Plaintiff | As Principal of Triple R-F, LLC, a Rackwise shareholder, and principal of Richert Funding, financier of Rackwise, Inc., Mr. Richert can testify as to improper actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise. Mr. Richert can also testify regarding specific financial and economic harms that were done to Rackwise by Archbold in concert with his illegitimate board of directors. |
| **Bart Richert,** C/O Counsel for Plaintiff | As a Member of the Board of Directors of Rackwise, Inc., Mr. Richert can testify as to improper actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise. |
| **Michael Feinberg,** C/O Counsel for Plaintiff | As a Member of the Board of Directors of Rackwise, Inc., Mr. Feinberg can testify as to improper actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise. |
| **Emmett DeMoss,** C/O Counsel for Plaintiff | As Chairman Emeritus and founder of Rackwise, Inc., Mr. DeMoss can testify as to improper actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise. |
| **Doug MacRae,** C/O Counsel for Plaintiff | As Executive Vice President of the Technology Group at Rackwise, Inc., Mr. MacRae can testify as to improper actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise. |

| | |
|---|---|
| **Sherman Henderson**, C/O Counsel for Defendant | As an illegitimate director of Rackwise, Inc. acting in concert with Guy Archbold, Mr. Henderson has knowledge regarding improper actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise. |
| **Jay Schiffman**, C/O Counsel for Defendant | As an illegitimate director of Rackwise, Inc. acting in concert with Guy Archbold, Mr. Schiffman has knowledge regarding improper actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise. |
| **Craig Whited**, C/O Counsel for Defendant | As an illegitimate director of Rackwise, Inc. acting in concert with Guy Archbold, Mr. Whited has knowledge regarding improper actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise. |
| **John Kyees**, C/O Counsel for Defendant | As an illegitimate director of Rackwise, Inc. acting in concert with Guy Archbold, Mr. Kyees has knowledge regarding improper actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise. |
| **John Todd**, C/O Counsel for Defendant | As an illegitimate director of Rackwise, Inc. acting in concert with Guy Archbold, Mr. Todd has knowledge regarding improper actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise. |

| | |
|---|---|
| **Jonathan Shechter**, Foley Shechter LLP 211 E. 43rd St. Suite 609 New York, NY 10001 (212) 335-0465 | As a New York attorney purporting to represent Rackwise, Inc. under the direction of Guy Archbold, Mr. Schechter has knowledge regarding the legal actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and the breach of various fiduciary duties Mr. Archbold owed to Rackwise. Rackwise waives any attorney-client privilege as to Foley Schecter LLP. |
| **Sasha Ablovatskiy**, Foley Shechter LLP 211 E. 43rd St. Suite 609 New York, NY 10001 (212) 335-0465 | As a New York attorney purporting to represent Rackwise, Inc. under the direction of Guy Archbold, Ms. Ablovatskiy has knowledge regarding the legal actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise, Rackwise waives any attorney-client privilege as to Foley & Shechter. |
| **Richard A. Ivers**, Law Office of Richard A. Ivers 7451 Wiles Road Suite 101 Coral Springs, FL 33067 (954) 757-6262 | As a Florida attorney purporting to represent Rackwise, Inc. under the direction of Guy Archbold, Mr. Ivers has knowledge regarding the legal actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and can testify as to the breach of various fiduciary duties Mr. Archbold owed to Rackwise, since Rackwise waives any attorney-client privilege as to Foley & Shechter. |
| **Dorella Sanakidis**, C/O Counsel for Plaintiff | As an Administrative Assistant, Rackwise, Inc., Ms. Sanakidis has knowledge regarding improper actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and the breach of various fiduciary duties Mr. Archbold owed to Rackwise. |
| **Prakash Trevedi**, C/O Elizabeth Parker Assistant General Counsel Unisys Corporation Unisys Way Bluebell, PA 19424 (215) 986-5541 | As a UNISYS Senior Manager, Mr. Trevedi has knowledge regarding improper actions and omissions by Mr. Archbold that harmed Rackwise with UNISYS resulting in damages and the breach of various fiduciary duties Mr. Archbold owed to Rackwise. |

| | |
|---|---|
| **Venkatapathi Puvvada**, C/O Elizabeth Parker Assistant General Counsel Unisys Corporation Unisys Way Bluebell, PA 19424 (215) 986-5541 | As a President of UNISYS Federal Group, Ms. Puvvada has knowledge regarding improper actions and omissions by Mr. Archbold that harmed Rackwise with UNISYS resulting in damages and the breach of various fiduciary duties Mr. Archbold owed to Rackwise. |
| **Stacey Lovelace**, 102 Flint Rock Court Folsom, CA 95630 (916) 591-2111 | As a friend and personal assistant to Guy Archbold, Ms. Lovelace has knowledge regarding the actions and omissions by Mr. Archbold that harmed Rackwise resulting in damages and the breach of various fiduciary duties Mr. Archbold owed to Rackwise. She can demonstrate the personal misappropriation of funds that were specifically directed toward her. |

## Exhibit B: Defendant's Witnesses

Defendant reserves the right to call witnesses not listed for purposes of impeachment or document authentication.

| 1. | Guy Archbold, who may be contacted through his counsel of record. | Mr. Archbold is expected to have knowledge of his employment with Plaintiff, the ongoing operations of Rackwise, Inc., the makeup of its incumbent Board of Directors, and the terms of warrants and Series A Preferred Stock issued by Rackwise, Inc. |
|---|---|---|
| 2. | John Kyees, who may be contacted through counsel of record for Defendant. | Mr. Kyees is expected to have knowledge of his membership on the Rackwise incumbent Board of Directors, the ongoing operations of Rackwise, Inc., as well as the events and circumstances surrounding the "Special Meeting" of the Board of Directors on February 2 and 3, 2017. |
| 3. | Sherman Henderson, III, who may be contacted through counsel of record for Defendant. | Mr. Henderson is expected to have knowledge of his membership on the Rackwise incumbent Board of Directors, the ongoing operations of Rackwise, Inc., as well as the events and circumstances surrounding the "Special Meeting" of the Board of Directors on February 2 and 3, 2017. |
| 4. | Sasha Ablovatskiy, who may be contacted through counsel of record for Defendant. | Mr. Ablovatskiy is expected to have knowledge of the fundamentals of the Rackwise, Inc.'s corporate Bylaws, the terms of exercise of warrants issue by Rackwise, Inc. to Triple R-F, LLC, and Rackwise Funding II, LLC, and the terms of the Series A Preferred Stock issue by Rackwise, INc. as well as the federal securities laws and regulations and Nevada corporate laws applicable to Rackwise, Inc., operating as a publicly traded company. |

| | | |
|---|---|---|
| 5. | Patrick Imeson, address and phone number unknown to Defendant, but known to Plaintiff. | Mr. Imeson is expected to have knowledge of the circumstances surrounding his investment in Rackwise, Inc., the facts and circumstances surrounding the "Special Meeting" of the Board of Directors on February 2 and 3, 2017, the alleged exercise of the warrants on March 22, 2017, Defendant's termination, and the ongoing operations of Plaintiff from February 2, 2017. |
| 6. | Bart Richert, address and phone number unknown to Defendant, but known to Plaintiff. | Mr. Richert is expected to have knowledge of the circumstances surrounding his investment in Rackwise, Inc., the facts and circumstances surrounding the "Special Meeting" of the Board of Directors on February 2 and 3, 2017, the alleged exercise of the warrants on March 22, 2017, Defendant's termination, and the ongoing operations of Plaintiff from February 2, 2017. |
| 7. | Dwight Richert, address and phone number unknown to Defendant, but known to Plaintiff. | Mr. Richert is expected to have knowledge of the circumstances surrounding his investment in Rackwise, Inc., the facts and circumstances surrounding the "Special Meeting" of the Board of Directors on February 2 and 3, 2017, the alleged exercise of the warrants on March 22, 2017, Defendant's termination, and the ongoing operations of Plaintiff from February 2, 2017. |
| 8. | Michael Feinberg, address and phone number unknown to Defendant, but known to Plaintiff. | Mr. Feinberg is expected to have knowledge of the circumstances surrounding his investment in Rackwise, Inc., the facts and circumstances surrounding the "Special Meeting" of the Board of Directors on February 2 and 3, 2017, the alleged exercise of the warrants on March 22, 2017, Defendant's termination, and the ongoing operations of Plaintiff from February 2, 2017. |

| 9. | Stacey Lovelace, 102 Flint Rock Court Folsom, CA 95630 (916) 591-2111 | Ms. Lovelace will testify to any duties she performed on behalf of Plaintiff and whether she was compensated by Defendant for such services. |
|---|---|---|

### Exhibit C: Plaintiff's Exhibits

| NO.[2] | DESCRIPTION |
|---|---|
| 1 | Bylaws of Visual Network Design, Inc. |
| 2 | Subscription Agreements Rackwise-Purchasers: Subscription Agreement dated May 7, 2014 by and between Rackwise, Inc. and Rackwise Funding II, LLC. Warrants to Purchase Common Stock effective May 7, 2014 issued by Rackwise, Inc. to Rackwise Funding II, LLC. Warrants to Purchase Common Stock effective October 7, 2015 issued by Rackwise, Inc. to Triple R-F, LLC. |
| 3 | SEC Form 8-K [February 15, 2017] |
| 4 | SEC Form 8-K [March 20, 2017] |
| 5 | Action by Written Consent of Rackwise Shareholders [March 23, 2017] |
| 6 | March 26, 2017 letter from Gavrilov & Brooks law firm, Rackwise attorney Ognian Gavrilov, to opposing counsel Randall J. Paulson |
| 7 | April 5, 2017 email message from Patrick Imeson to Rackwise board and counsel forwarding Archbold's April 5, 2017 letter |
| 8 | April 14, 2017 email message from Rackwise counsel Ognian Gavrilov to Rackwise Board forwarding Archbold's April 13, 2017 letter |
| 9 | April 5, 2017 email message from Doug MacRae to some Rackwise board members and counsel forwarding Archbold's April 14, 2017 email message to Doug MacRae |
| 10 | SEC Form 8-K [April 14, 2017] |

---

[2] Numbers listed here are for the convenience of the court. Plaintiff may use other numbers in marking exhibits for trial.

19

| 11 | Documentation of Michael Hawes, C.P.A., an accountant retained by Defendant Archbold on behalf of Rackwise, estimating a net loss of $7,618,336 for the fiscal year ended December 31, 2014. |
|----|---|
| 12 | Documentation showing that during Defendant Archbold's tenure as the Chief Executive Officer and President of Rackwise, Rackwise sustained a net loss of $9,593,685 for the fiscal year ended December 31, 2012, a net loss of $6,482,307 for the fiscal year ended December 31, 2013, and a net loss of $2,828,892 for the period January 1-March 31, 2014. |
| 13 | Tax lien and levy of approximately $1,567,000 in connection with the unpaid payroll taxes for the third and fourth quarters of 2012, and the first and second quarters of 2013. |
| 14 | Default Notice under a factoring agreement with its secured lender Richert Funding in the approximate sum of $12,000,000. |
| 15 | Default Notices on secured promissory notes to Rackwise Funding II (outstanding indebtedness of more than $8,000,000) and several other unsecured promissory notes (outstanding balance of more than $608,000). |
| 16 | Documentation of Rackwise's default on obligations and eventual termination of contract with Intel Corporation under Archbold's leadership. |
| 17 | Record of Mr. Archbold's conviction/guilty plea in El Dorado County (California) Superior Court to a criminal violation of California Revenue and Taxation Code 19706 relating to his failure to file personal tax returns. |
| 18 | Eviction Notices for defaulted office leases in North Carolina and California. |
| 19 | Alleged Employment Agreement of Archbold with Rackwise dated September 30, 2011. |
| 20 | Rackwise employee, Dorella Sanakidis', documentation of approximately $400,000 in misappropriation of company funds by Defendant Archbold. |
| 21 | The Minutes of the February 2, 2017 Rackwise Board of Directors' Meeting terminating Guy Archbold as a director and officer of Rackwise, for cause. |

| | |
|---|---|
| 22 | The Minutes of the February 3, 2017 Rackwise Board of Directors' Meeting ratifying and approving the termination Guy Archbold as a director and officer of Rackwise, for cause, and electing Patrick Imeson as Interim Chief Restructuring Officer of Rackwise. |
| 23 | The Minutes of the March 23, 2017 Shareholders Meeting removing Defendant Archbold and Sherman Henderson as members of the Rackwise Board of Directors and appointing Patrick Imeson and Bart Richert as directors of Rackwise. |
| 24 | November 30, 2017 expert witness report of Serge Mysin, C.P.A., concluding that Defendant Archbold engaged in **$384,886.62** in questionable transactions involving Rackwise funds. |
| 25 | April 18, 2017 notices from the SEC that an individual (Archbold) was attempting to reset Rackwise's password to the electronic system so as to seize control of Rackwise's account. |
| 26 | Company credit card records showing Archbold converted approximately $70,000 between October, 2015 and February, 2017 for personal uses. |
| 27 | Business account records showing Archbold took in excess of $185,000 in so-called cash advances, and then attempted to claim that such funds were for "business expenses." |
| 28 | Compensation records showing that Archbold overpaid himself as purported employee compensation, without authorization, approximately $70,000 in 2015 and 2016. |
| 29 | Corporate expense records showing that Archbold used corporate funds, without authorization from the Board of Directors, and without any legitimate business purpose, to provide economic benefit and assistance to his friend and personal assistant Stacey Lovelace ("Lovelace") in an amount exceeding $60,000. |
| 30 | Corporate records showing that in 2016, Archbold caused payments from customers in excess of $23,000 to be withheld from Rackwise accounts, and instead used these funds for himself and/or Lovelace. |
| 31 | Corporate records showing that Archbold has converted in excess of $400,000 of Rackwise funds for his own personal use, to the detriment of Rackwise, without The Board's knowledge, authorization, or consent, and to the detriment of the corporation for which Archbold owed a fiduciary duty. |

| 32 | All Exhibits attached to all declarations in both support and in opposition to the preliminary injunction. |
|----|---|
| 33 | Exhibits attached to Defendant's Motion to Compel Arbitration. |
| 34 | Exhibits attached to Defendant's Motion for Contempt. |
| 35 | All of the Resolutions from the Rackwise Corporate Minutes Book. |
| 36 | Rackwise's Corporate Bylaws. |
| 37 | Rackwise's Articles of Incorporation. |
| 38 | Various pages of Rackwise's website/webpage. |
| 39 | Additional correspondence to defendant (including letters, and emails) – various documents concerning claims and issues in the instant lawsuit, including but not limited to, cease and desist demands. |
| 40 | Additional correspondence (including letters, emails, and memoranda) – various documents involving defendant as either a sender or a recipient, to Rackwise shareholders, board members, employees, customers, as well as Security and Exchange commission personnel and various other third-parties. |
| 41 | Additional correspondence (including letters, emails, and memoranda) – various documents between and among employees and/or officers or shareholders of Rackwise concerning defendant's actions and damages related thereto. |
| 42 | Corporate and Administrative Records – various documents relating to the operation and administration of Rackwise, including corporate governance and operation, corporate formation and implementation of policies, business and business planning information, board of director and officer records and employee governance and human resource materials. |
| 43 | Advertising and Outreach Materials – various documents relating to the operation of the Rackwise business and corporate governance. |
| 44 | Financial Records – various documents in relation to the financial operation and administration of Rackwise, including bookkeeping and accounting information, independent auditor information and various financial reports. |

| | |
|---|---|
| 45 | Additional Securities and Exchange Commission Records – various documents demonstrating the numerous improper filing and submissions to the SEC by Archbold and/or his agents purportedly on behalf of Rackwise. |
| 46 | Rackwise Requests for Admission, Set One, dated November 17, 2017. |
| 47 | Archbold Responses to Requests for Admissions, Set One, dated December 18, 2017. |
| 48 | Rackwise Interrogatories, Set One, dated November 17, 2017. |
| 49 | Archbold Responses to Interrogatories, Set One, dated December 18, 2017. |
| 50 | Rackwise Request for Production of Documents, Set One, dated November 17, 2017. |
| 51 | Archbold Responses to Request for Production of Documents, Set One, dated December 18, 2017. |
| 52 | Transcript of February 28, 2018 Deposition of Sasha Ablovatskiy, including all exhibits marked and/or referenced therein. |
| 53 | Transcript of March 6, 2018 Deposition of Sasha Ablovatskiy, including all exhibits marked and/or referenced therein. |
| 54 | Transcript of January 22, 2018 Deposition of Guy Archbold, including all exhibits referenced therein. |
| 55 | Emails authored by Defendant Archbold to Patrick Imeson, Dwight Richert, and other declared witnesses in the litigation including but not limited to Sasha Ablovatskiy, Jonathan Shechter, Sherman Henderson, John Kyees, John Todd, Jay Schiffman, Craig Whited, and Stacey Lovelace. This is related to Exhibit D: Defendant's Exhibits, at 24:2-24:4. |
| 56 | All email communications between Defendant Archbold and UNISYS Corporation. This is related to Exhibit D: Defendant's Exhibits, "business partners," at 23:9-23:10. |

## Exhibit D: Defendant's Exhibits

Defendant adopts by reference all documents listed in Plaintiff's Pre-trial statement and adds the following exhibits to the extent that they are not otherwise identified in Plaintiff's schedule of exhibits.

| DESCRIPTION |
|---|
| Defendant's Employment Agreement. |
| Termination letter to Defendant. |
| Email correspondence between Defendant and RACKWISE shareholders, business partners, investors, and Directors during and post-employment status. |
| Corporate by-laws in effect at the time of Defendant's tenure. |
| All Exhibits-documents attached to all motions or Requests for Judicial Notice submitted to this court pertaining to this litigation. |
| All declarations attached to all motions or Requests for Judicial Notice submitted to this court pertaining to this litigation. |
| All filings with the SEC regarding Rackwise, Inc. |
| Corporate minutes regarding purported Special Meetings held on February 2, 3, 2017, by the purported Rackwise Board of Directors. |
| Special Interrogatories propounded on Plaintiff by Defendant. |
| Plaintiff's Response to Special Interrogatories propounded on it by Defendant. |
| Request for Production of Documents propounded on Plaintiff by Defendant. |
| Plaintiff's Response to Request for Production of Documents propounded on it by Defendant. |
| All documents pertaining to the FLORIDA LITIGATION. |
| All correspondence generated by defendant's counsel pertaining to the business of RASKWISE from February 2, 2017 to the present. |

Certificate of Designation of Series A Preferred Stock.

All documents sent by or received by defendant from any RACKWISE shareholder, investor, employee, director, or other party regarding the business of RACKWISE during defendant's tenure with RACKWISE.